UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Phillip Jones,

    Plaintiff,

v.   Case No. 07-10524

City of Flint, Karl Petrich and   Honorable Sean F. Cox
Randolph Tolbert, in their individual
and official capacities,

    Defendants.
_____/

**OPINION & ORDER**

      This action is currently before the Court on motions for summary judgment filed by the City of Flint and Defendants Karl Petrich and Randolph Tolbert. The Court orders that the motions will be decided upon the briefs. Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. For the reasons that follow, the Court shall GRANT the motions.

**BACKGROUND**

      Acting through counsel, Plaintiff Phillip Jones ("Plaintiff") filed this action on February 2, 2007, against the following defendants: 1) the City of Flint ("the City"); 2) Karl Petrich ("Petrich"); and 3) Randolph Tolbert ("Tolbert"). Plaintiff's complaint asserts the following claims against Defendants: 1) "Assault and Battery" (Count I); 2) "Violation of the Fourth Amendment 42 U.S.C. §1983 Excessive Force" (Count II); 3) "Gross Negligence" (Count III); and 4) "Violation of the Fourth Amendment, 42 U.S.C. § 1983 City of Flint" (Count IV).

      On January 24, 2008, Plaintiff's counsel filed a motion seeking to withdraw as counsel for Plaintiff. In an Order dated February 22, 2008, this Court granted the motion to withdraw.

1

(Docket Entry No. 41).  In that Order, the Court further ordered:

> IT IS FURTHER ORDERED that Plaintiff, Phillip Jones, has thirty (30) days from the date of the Hearing of the instant Motion (which is February 21, 2008) to have new Counsel file an appearance on his behalf, or if such action is not undertaken, the Court will consider Plaintiff as going forward as a pro se litigant.
>
> IT IS FURTHER ORDERED that Plaintiff is to provide this Court and the Counsel for Defendants with his current address to which all correspondence regarding this matter shall be sent until new Counsel files an Appearance on his behalf, if such action is taken.

(*Id.*).  The Court further ordered Plaintiff's former attorneys to serve the Order on Plaintiff via registered and regular mail, and by certified mail to Plaintiff's last known jail address.  (*Id.*).  The docket reflects that Plaintiff was so served with a copy of the Order.  (*See* Docket Entry No. 42).

Nevertheless, the docket reflects that, to date, Plaintiff has not provided the Court with his current address or contact information and Plaintiff has not obtained new counsel.  Thus, Plaintiff is proceeding a *pro se* litigant in this action.

On September 29, 2008, the City filed a Motion for Summary Judgment. (Docket Entry No. 46).   Defendants Petrich and Tolbert also filed a Motion for Summary Judgment on that date.  (Docket Entry No. 47).

Pursuant to Rule 7.1(b) of the Local Rules for the United States District Court for the Eastern District of Michigan, a "respondent opposing a motion must file a response, including a brief and supporting documents then available."  Rule 7.1(d) further provides that a response to a dispositive motion must be filed within 21 days after service of the motion.  Rule 7.1(e)(2) provides that oral hearings on motions will be heard "unless the judge at any time prior to the hearing orders their submission and determination without oral hearing on the briefs filed as

2

required by this rule."

Thus, if Plaintiff opposes either of the pending Motions for Summary Judgment, Plaintiff was required to file a brief in opposition to same within 21 days of service of the motion. Although the time permitted under Local Rule 7.1 for filing a response to the pending motions passed, no response in opposition to either of the two pending motions was been filed by Plaintiff. Accordingly, on November 5, 2008, this Court issued an Order to Show Cause, requiring Plaintiff to "show cause, in writing, no later than November 30, 2008, why this action should not be dismissed pursuant to FED. R. CIV. P. 41 for failure to prosecute." (Docket Entry No. 52). Plaintiff did not respond to the Show Cause Order and the time for doing so has long since passed.

## ANALYSIS

A.  <u>The City's Motion For Summary Judgment</u>:

In its motion, the City notes that the only claim asserted against the City is Count III, wherein Plaintiff alleges municipal liability under § 1983 for failing to train, supervise, or discipline its law enforcement personnel or authorizing/tolerating the use of excessive force by same.

During discovery in this action, on May 6, 2008, the City served several requests for admission on Plaintiff, pursuant to FED. R. CIV. P. 36. (*See* Ex. 11 to Def.'s Br.). Those requests ask Plaintiff to admit numerous facts, including that: 1) the City does not fail to train its officers adequately in the use of force including the amount of force necessary to effectuate an arrest; 2) the City adequately trains all of its officers in the area of citizens' civil liberties and constitutional rights; 3) the City appropriately disciplines its officers when such officers do not

3

follow the law or the City's procedures; 4) the City of Flint's Police Department properly supervises its employees; 5) the City appropriately investigates all complaints against the police department and all alleged incidents of use of force by its officers; 6) Defendant officers Petrich and Tolbert were appropriately trained by the City of Flint's Police Department in the use of force; 7) any failure to train Petrich and Tolbert was not directly responsible for any alleged injuries to Plaintiff; 8) during the course of their employment, Petrich and Tolbert have been appropriately disciplined for any transgressions; and 9) the City does not tolerate the use of force by officers that is in excess of what is necessary to effect an arrest. (*Id.*).

Rule 36 provides that such requests for admission are deemed admitted "unless, within 30 days of being served, the party to whom the request is directed serves on the requesting party a written answer or objection." FED. R. CIV. P. 36 (a)(3). The City states that Plaintiff failed to respond to the requests for admission and therefore the requests must be deemed admitted.

In its Motion for Summary Judgment, the City contends that it is entitled to summary judgment on Plaintiff's § 1983 claim, against it based on the above admissions. Having considered the City's motion, and the requests that are deemed admitted, the Court concludes that the City is entitled to summary judgment. *See Turk v. Citimortgage*, 2005 WL 2090888 (E.D. Mich. 2005)(granting summary judgment based on requests for admissions that were deemed admitted). Accordingly, the Court shall GRANT the City's motion.

B.      Petrich and Tolbert's Motion For Summary Judgment:

The Motion for Summary Judgment filed by Defendants Petrich and Tolbert follows the same general approach. That is, they served detailed requests for admission on Plaintiff on May 2, 2008. Plaintiff failed to respond to the requests for admission and they are therefore deemed

admitted.  Defendants contend that they are entitled to summary judgment based on the requests for admission.  Having considered Defendants' motion, and the requests that are deemed admitted, the Court concludes that Defendants are entitled to summary judgment.  *Turk, supra*.  Accordingly, the Court shall GRANT Defendants' motion.

C.	Dismissal For Failure To Prosecute:

The Court further concludes that, in addition to the above grounds for relief, this action should also be dismissed pursuant to FED. R. CIV. P. 41 for failure to prosecute.  Since February 22, 2008, Plaintiff has been proceeding *pro se* in this case.  Plaintiff has failed to provide the Court with his current contact information, as ordered in this Court's February 22, 2008 Order.  Plaintiff failed to appear for his noticed deposition in this matter, failed to file a witness list as required by the Court's Scheduling Order, failed to respond to the Defendants' pending motions for summary judgment, and failed to respond to this Court's Show Cause Order.  Thus, the Court concludes that failure to prosecute provides an additional basis for dismissing this action.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that the City's Motion for Summary Judgment (Docket Entry No. 46) is GRANTED.

IT IS FURTHER ORDERED that the Motion for Summary Judgment filed by Defendants

Petrich and Tolbert (Docket Entry No. 47) is GRANTED.

    A Judgment shall be issued forthwith.

                                      S/ Sean F. Cox
                                      Sean F. Cox
                                      United States District Judge

Date:  January 26, 2009

I hereby certify that on January 26, 2009, a copy of the foregoing document was served upon counsel of record by electronic means and by First Class Mail upon:

Phillip Jones
Des Moines County Correctional
3630 Bauer Drive
Burlington, IA 52601

Phillip Jones
Iowa Medical and Classification Center, Records Office
Highway 965, Box A
Oakdale, IA 52319

                                      S/ Jennifer Hernandez
                                      Case Manager